Submitted August 6; remanded for resentencing, otherwise affirmed
September 1, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMIE PATRICK EDGTTON,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR55109; A173687

494 P3d 380

Steffan Alexander, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant pleaded guilty to promoting prostitution, ORS 167.012, and commercial sexual solicitation, ORS 167.008, and received concurrent sentences totaling 29 months' imprisonment followed by 36 months of post-prison supervision. On appeal, he asserts that the trial court erred in denying his request at sentencing to proceed *pro se*. The state concedes that the error entitles defendant to resentencing. We agree that the trial court erred and accept the concession.

At sentencing, defendant indicated that he would like to proceed *pro se*, and counsel moved to withdraw. Defendant stated several reasons why he was dissatisfied with his legal representation. The court stated that it would give defendant five minutes to talk with his lawyer, and that it was "going to deny the request to withdraw at this time." When court reconvened five minutes later, defense counsel objected to the denial of his motion to withdraw and denial of defendant's request to proceed *pro se*, and nothing further was said on the matter.

In *State v. Hightower*, 361 Or 412, 413, 393 P3d 224 (2017), the court observed that although a criminal defendant has a constitutional right to self-representation, "when the right is asserted well after trial commences, the trial court retains discretion to weigh its exercise against the constitutional obligation to preserve the integrity and fairness of the proceeding, as well as the court's interest in ensuring an orderly and expeditious trial." However, the court needs to "make a record that reflects how it exercised that discretion." *Id.* Considerations include the court's "obligation to ensure the fairness and integrity of the trial and its inherent authority to conduct proceedings in an orderly and expeditious manner." *Id.* at 417-18. The record in this case does not reflect whether or how the court exercised such discretion, and we therefore remand for resentencing. *See generally State v. Hightower*, 368 Or 378, 491 P3d 769 (2021) (explaining scope of remand in cases concerning this type of issue).

Remanded for resentencing; otherwise affirmed.